**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3825

KAMALESWARI BHAGEERATHARAN,
                                            Petitioner
v.

ATTORNEY GENERAL OF
THE UNITED STATES OF AMERICA
_____

Petition for Review of an Order of the Board of Immigration Appeals
(Agency No.: BIA-1: A077-013-998)
Immigration Judge: Hon. Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit L.A.R 34.1(a)
September 25, 2019

Before:  SMITH, *Chief Judge*, McKEE, and AMBRO, *Circuit Judges*

(Opinion filed: August 10, 2020 )
_____

OPINION[*]
_____

McKee, *Circuit Judge.*

    Kamaleswari Bhageeratharan petitions for review of the BIA's denial of her

Motion to Reopen her application for asylum, withholding of removal and CAT relief

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

alleging that the BIA erred in analyzing her claim of changed country conditions. For the reasons that follow, we must dismiss her petition for review.[1]

For Bhageeratharan to succeed, she must show that there are "changed country conditions" in Sri Lanka since the BIA's decision to deny relief.[2] A "change in conditions" normally requires material evidence that was not available when the BIA denied relief.[3] We review this denial of a Motion to Reopen for abuse of discretion.[4]

## I.

Bhageeratharan has filed numerous untimely Motions to Reopen and exceeded the numerical limitations placed on such motions.[5] She now argues her asylum claim should be reconsidered because the Sri Lankan government has increased its mistreatment of those who share her Tamil ethnicity and status as a failed applicant for asylum. She offers evidence that, since her initial hearing in 2006, the frequency with which returning Tamils have been arrested, detained and tortured has increased.[6] Bhageeratharan relies upon various articles to support her claim of increased persecution of Tamils who failed to get asylum since 2006.[7] She argues that this establishes "changed country conditions arising in the country of nationality."[8]

---

[1] Under 8 U.S.C. § 1252(a)(1), we have jurisdiction to review a final order of removal.
[2] 8 U.S.C. § 1229a(c)(7)(C)(ii).
[3] 8 C.F.R. § 1003.23(b)(4)(i).
[4] *Sevoian v. Ashcroft*, 290 F.3d 166, 170 (3d Cir. 2002).
[5] 8 U.S.C. § 1229a(c)(7)(A); *see, e.g.* App. I at 04.
[6] *Id.*
[7] App. II at 394–400.
[8] 8 U.S.C. § 1229a(c)(7)(C)(ii); App. I at 04–05.

The BIA concluded that she had failed to show sufficiently changed country conditions since her claim for asylum was denied.[9] Though she presented various articles regarding the mistreatment of Tamils, the BIA held that she failed to show this evidence of mistreatment pertained to similarly treated individuals.[10] We agree that the circumstances of the individuals referenced in those articles are clearly distinguishable from Bhageeratharan's circumstances.

Nevertheless, we are concerned by a statement the agency made in explaining its decision. The BIA stated that the evidence Bhageeratharan submitted showed only that many ethnic groups have been persecuted by the government, not that Tamils in particular have been targeted.[11] That "logic" would mean that a government's mistreatment of multiple groups would defeat petitions for relief from individuals belonging to any given group merely because members of other groups are persecuted. We do not accept that a member of a given group can be denied refugee status merely because his/her government persecutes other groups as well.

However, that error does not save Bhageeratharan's motion to reopen because the evidence she provides does not pertain to her situation. Her evidence either vaguely refers to the backgrounds of the individuals being harmed, or describes individuals with backgrounds distinguishable from her own (*e.g.*, greater involvement with Sri Lanka's

---

[9] App. I at 05.
[10] *Id.* at 07.
[11] *Id.*

LTTE militants).[12] As the BIA noted and Bhageeratharan concedes, she does not have any political ties.[13] Because Bhageeratharan has not provided sufficient evidence of changed country conditions, her motion does not fall within the exception to the time requirements for filing petitions to reopen and it is therefore untimely. It is also barred because she has filed more petitions to reopen than allowed.

For these reasons, we will deny the petition for review.

---

[12] *Id.* at 05 (describing the mistreatment of an individual who had been an active member of LTTE for more than a decade).
[13] *Id.* at 08, 31.